Present: GIEGERICH, BOOKSTAVER and BISCHOFF, JJ.
Reargument ordered.

---

## NEW YORK SUPERIOR COURT — GENERAL TERM, JANUARY, 1895.

JOHN McCLAVE, Appellant, *v.* JOHN GIBB, Respondent.

APPEAL by plaintiff from order made at Special Term, denying a motion made for a new trial on the ground of surprise.

*Parsons, Shepard & Ogden,* for appellant.

*Wm. B. Ellison,* for respondent.

McADAM, J.   Under the pleadings as construed by us on the separate appeal taken from the judgment dismissing the complaint, the matters in respect to which the plaintiff claims to have been surprised were not material, and there was, therefore, no legal reason why a new trial should have been granted, and for that reason the order denying the motion must be affirmed, with costs.

FREEDMAN and GILDERSLEEVE, JJ., concur.
Order affirmed, with costs.

---

PATRICK O'HARA, Respondent, *v.* THE THIRD AVENUE RAILROAD CO., Appellant.

APPEAL by defendant from judgment in favor of the plaintiff, entered upon the verdict of a jury, and from order denying defendant's motion for a new trial.

*Hoadly, Lauterbach & Johnson* (*Wm. N. Cohen* and *Henry L. Scheuerman,* of counsel), for appellant.

*Charles Steckler* (*Alfred Steckler,* of counsel), for respondent.

FREEDMAN, J.   This action was brought to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant.  The plaintiff, on March 6, 1892, while in the act of sweeping Third avenue as an employee of the street cleaning department of the city of New York, was struck by the horses attached to a car belonging to the defendant, knocked down and severely injured.

A careful examination of the whole case shows that under the peculiar circumstances of this case the questions of defendant's negligence and of plaintiff's contributory negligence were questions of fact for the jury ; that they were properly submitted, and that no sufficient reason exists for which the judgment or order denying defendant's motion for a new trial should be disturbed.

The judgment and order should be affirmed, with costs.

MCADAM, J., concurs.
Judgment and order affirmed, with costs.